UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cr-00019-JMS-CMM-01 |
| ) | |
| CALVIN T BROWN ) | |
| a/k/a C-Murder, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Calvin Brown has filed a Motion for Acquittal [dkt. 39] and an Amended Motion for Acquittal [dkt. 40], which the Government has opposed [dkt. 45.] The Court now denies the motions for the following reasons:

1. The Court pronounced Mr. Brown guilty of Counts 2 and 3 on July 22, 2014. The Motion for Acquittal [dkt. 39] was timely filed on July 30, 3014, in accordance with Federal Rule of Criminal Procedure 29 which requires the filing of such a motion within 14 days of a verdict. That motion simply incorporated the arguments made at trial. The Court therefore **DENIES** that motion for the reasons stated on the record at the conclusion of trial. [Dkt. 41.]

2. The "amended" motion was filed on August 15, 2014, outside the 14 day time limit. To the extent it raises arguments not raised at trial, those arguments the motion is DENIED as untimely.

3. In any event, the Court finds there was ample evidence to convict Mr. Brown of knowingly attempting to possess with intent to distribute 5 grams or more of methamphetamine

on both February 16, 2013 and March 2, 2013. The evidence established the following facts[1]: The wiretap established beyond a reasonable doubt that Mr. Brown made arrangements to pay Wesley Hammond by prepaid debit card for an ounce of methamphetamine around the time of the February 16 transaction. Mr. Brown discussed having people "on deck" to whom he sought to distribute the methamphetamine. Mr. Brown admitted to distribution when he described the potent effects of the methamphetamine on one of his buyers. The evidence also established that Mr. Brown texted Hammond seeking a second delivery March 2, 2013, and Hammond made the arrangements for delivery to Mr. Brown with DeWayne Perry, Hammond's primary distributor. Brown is captured on video coming and going from Perry's house within minutes of these communications.

4. Other concerns Mr. Brown has raised with the sufficiency of the evidence are unpersuasive.

5. The Court maintains its earlier ruling that the convictions for "attempt" are legally proper even though the Court concluded that Mr. Brown succeeded in possessing the methamphetamine with intent to deliver on February 16, 2013 and March 2, 2013. *See* dkt. 41.

Mr. Brown's Motion for Acquittal [dkt. 39] and Amended Motion to Renew and Preserve Fed. Rule of Criminal Procedure, Rule 29, Motion for Judgment of Acquittal [dkt. 40] are both **DENIED**.

Date: September 18, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] Neither Party requested specific findings under Fed. Rule of Crim. Procedure 23(c) and the facts and evidence referenced are not intended as an exhaustive list.

Distribution via ECF to:

Howard N. Bernstein
HOWARD NATHAN BERNSTEIN
hbernstein210@comcast.net

Lindsay C. Dunn
UNITED STATES ATTORNEY'S OFFICE
lindsay.dunn@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov