UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:14-cr-19-JMS-CMM-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CALVIN T BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cr-00019-JMS-CMM |
| | ) | |
| CALVIN T BROWN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Calvin T. Brown has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 117. Mr. Brown seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19 again. *Id.* For the reasons explained below, his motion is **DENIED**.

**I.     Background**

After a bench trial in 2014, the Court found Mr. Brown guilty of one count of attempt to possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, and one count of attempt to possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 36, 37, 75. The Court sentenced Mr. Brown to 137 months of imprisonment, to be followed by 8 years of supervised release. Dkts. 74, 75. The Bureau of Prisons (BOP) lists Mr. Brown's anticipated release date (with good-conduct time included) as January 11, 2023.

Mr. Brown is 43 years old. He is currently incarcerated at FMC Lexington in Lexington, Kentucky. As of November 12, 2021, the BOP reports that no inmates and 2 staff members at FMC Lexington have active cases of COVID-19; it also reports that 556 inmates at FMC

Lexington have recovered from COVID-19 and that 9 inmates at FMC Lexington have died from the virus. https://www.bop.gov/coronavirus/ (last visited Nov. 15, 2021). The BOP also reports that 1053 inmates at FMC Lexington have been fully inoculated against COVID-19. *Id.* That is, 87 percent of the inmates at FMC Lexington have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Nov. 11, 2021, the BOP reports that FMC Lexington and its satellite camp have a total inmate population of 1208).

Mr. Brown initially filed a pro se motion for compassionate release. Dkt. 117. The Court appointed counsel, dkt. 118, and appointed counsel filed a memorandum in support of the motion for compassionate release, dkt. 129. The United States filed a brief in opposition to the motion, dkt. 134, and Mr. Brown did not file a reply. The Court subsequently ordered Mr. Brown to show cause why the Court should not deny his motion for compassionate release because the risk presented by the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release. Dkt. 135. Mr. Brown responded to the Court's order, arguing that despite the fact that he would be receiving his second-of-two doses of the COVID-19 vaccine the following day, his request for compassionate release should still be granted because the Delta variant is circulating and remains a risk to him and other vaccinated individuals. Dkt. 140. The motion is now ripe for decision. As explained below, Mr. Brown has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II.   Discussion

Mr. Brown seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 129. Specifically, he contends that his underlying medical conditions (type 2 diabetes, hypertension, chronic hepatitis, hyperlipidemia, and gastro-esophageal reflux disease), which make him more susceptible to severe complications from

COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Brown faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.[1]  While the Court sympathizes with Mr. Brown's fear of becoming infected with the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Mr. Brown's warden in denying Mr. Brown's administrative request for relief. Mr. Brown represented, however, that he submitted his request to the warden on May 18, 2020 but has not yet received a response. Dkt. 125. Thus, there is no decision for the Court to consider.

Mr. Brown suffers from two health conditions (type 2 diabetes and chronic liver disease) that, according to the CDC (Centers for Disease Control and Prevention), can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 15, 2021). Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See*, *e.g.*, *United States v. Johnso*n, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the mRNA vaccine that Mr. Brown received. *See* dkt. 140. Although no vaccine is perfect, studies have provided a growing body of evidence that mRNA COVID-19 vaccines offer similar protection in real-world conditions as they have in clinical trial settings, reducing the risk of COVID-19, including severe illness by 90 percent or more among people who are fully vaccinated. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Nov. 15, 2021). Despite Mr. Brown's argument to the contrary, dkt. 140, the CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against Delta and other variants currently spreading here, https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html (last visited Nov. 15, 2021). Even after Delta became the most common variant of COVID-19, the CDC reports that fully vaccinated people's risk of being hospitalized or dying from the virus was reduced by 10 times as compared to unvaccinated people. *See*

https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm (last visited Nov. 15, 2021). The vaccines are not 100% effective, and some vaccinated people may still get sick. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of November 12, 2021, the BOP has administered more than 245,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 15, 2021). Mr. Brown has now received both doses of the COVID-19 vaccine[2]—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, nearly 90% of the inmates housed at FMC Lexington have received both doses of the COVID-19 vaccine. This high rate of vaccination at FMC Lexington should provide Mr. Brown with additional protection against infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Nov. 15, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). The BOP has also met with recent success in controlling the COVID-19 virus at FMC Lexington. As noted above, the BOP reports that no inmates at FMC Lexington currently have active cases of COVID-19.

---

[2] The Court assumes that Mr. Brown received his second dose of the vaccine on August 31, 2021 as scheduled, and Mr. Brown has not advised otherwise.

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803.

Here, Mr. Brown has been fully vaccinated against COVID-19, nearly 90% of the inmates at his facility have been fully vaccinated, and there are no inmates with current COVID-19 infections at his facility. Given these facts and the rationale of *Broadfield*, the Court declines to exercise its discretion to find that the risk Mr. Brown faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated). All inmates—and, indeed, all people—are subject to some risk from infectious disease. While the COVID-19 vaccine may not offer Mr. Brown perfect protection, the risk that he will become severely ill or die from the virus has been substantially diminished.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III.     Conclusion

For the reasons stated above, Mr. Brown's motion for compassionate release, dkt. [117], is

**denied**.

**IT IS SO ORDERED.**

Date: 11/16/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel